**UNITED STATES of America ex rel. John A. EASTERLING, Petitioner-Appellant,**

v.

**Walter H. WILKINS, Warden of Attica State Prison, Attica, New York, Respondent-Appellee.**

Docket 27596.

United States Court of Appeals
Second Circuit.

Submitted May 21, 1962.

Decided June 5, 1962.

John A. Easterling, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City (Vincent A. Marsicano, Asst. Atty. Gen.), for respondent-appellee.

Before LUMBARD, Chief Judge, and SMITH and MARSHALL, Circuit Judges.

LUMBARD, Chief Judge.

John Easterling seeks a certificate of probable cause, 28 U.S.C. § 2253, and leave to appeal *in forma pauperis* so that he may appeal the dismissal of a writ of habeas corpus by the United States District Court for the Western District of New York after a hearing at which he, without the assistance of counsel, was the sole witness. We grant the certificate and also leave to appeal *in forma pauperis*. We reverse the order of the district court and remand for such further proceedings as may be necessary in view of this opinion.

Easterling is presently serving a sentence of 10 to 20 years imposed on him as a second felony offender following his 1960 conviction in Nassau County Court of grand larceny, first degree. He seeks to challenge, not the New York conviction, but New York's utilization of a South Carolina conviction for highway robbery and larceny in imposing on him, pursuant to New York Penal Law, § 1941, an increased sentence as a second offender.

Petitioner's claim that the purported South Carolina conviction is constitutionally interdicted from such use is ripe for adjudication by the federal courts. See 28 U.S.C. § 2254. The courts of New York will not entertain an attack on a judgment of conviction rendered in another state. United States ex rel. Savini v. Jackson, 250 F.2d 349 (2 Cir. 1957). The district court has found that there is not presently available to petitioner any means by which he may challenge in South Carolina a conviction there rendered. We accept this finding, here uncontroverted, based on research by the district judge and concession at the habeas corpus hearing by the Assistant Attorney General.

If petitioner's allegations are to be believed and if our reading of the South Carolina indictment is correct, the South Carolina conviction may well be a nullity and, if so, it cannot be used in sentencing petitioner as a multiple offender. See Uveges v. Pennsylvania, 335 U.S. 437, 441, 69 S.Ct. 184, 93 L.Ed. 127 (1948); United States ex rel. Savini v. Jackson, supra.

In his petition for habeas corpus and in this court, Easterling contends that the South Carolina conviction is invalid in that he was not provided the assistance of counsel despite his request therefor and that he was not granted an adjournment so that his family might retain counsel. See Chandler v. Fretag, 348 U. S. 3, 10, 75 S.Ct. 1, 99 L.Ed. 4 (1954). Easterling claims to be a Negro, unable to read or write, who at the time of his South Carolina conviction was 24 years old, alone and in a strange town, that he had not prior to that time been convicted of a felony, and was incapable of understanding his rights or of comprehending the judicial process sufficiently to offer a defense.

We read the South Carolina indictment, apparently submitted to the

district court after the hearing had concluded, as indicating that on May 12, 1947 one "John Andrew Easterling" was indicted in Sumter County, South Carolina, for highway robbery and larceny of $25 and that on the same day he was arraigned, tried before a jury,[1] convicted and sentenced to seven years imprisonment, sentence to be suspended after five years. There is no indication that petitioner was represented by counsel and it appears that the sole witness at the trial was the complainant.

The hearing before the district court, at which the petitioner was not represented by counsel, did not explore any of the facts relating to the charge, the trial and the sentence. Petitioner testified at the hearing that he had never been convicted in South Carolina of anything more than hitch-hiking and the entire hearing was devoted to this claim.

The district court disbelieved petitioner's testimony and found that the South Carolina conviction "was not obtained in violation of petitioner's rights under the Federal Constitution" and concluded that "Despite his lack of counsel there was no unfairness in the proceedings resulting in his conviction and sentence." No specific findings were made as to petitioner's literacy and intelligence or as to precisely what occurred upon the South Carolina proceedings other than that petitioner had not then been represented by counsel.

■ In holding an examination of petitioner "to clarify the issues and to make certain that bona fide issues of fact * * * are presented," the district court acted in accordance with our suggestions in United States ex rel. Wissenfeld v. Wilkins, 2 Cir., 281 F.2d 707, 716 (1960). The district judge recognized that petitioner's testimony presented a possible question of mistaken identity. We think this should be resolved. The state should be in a position to produce evidence on this point if it is still in issue upon a further hearing.

■ If petitioner was in fact the person convicted in South Carolina of highway robbery and larceny, we conclude that enough is shown by the record of the South Carolina court to require that the petitioner be granted the relief he seeks unless the State comes forward with evidence that the South Carolina proceedings were not fundamentally unfair. See United States ex rel. Savini v. Jackson, 250 F.2d 349, 354–355 (2 Cir. 1957). Petitioner testified at the hearing that he was illiterate. The manner of his testimony lends color to this claim, which has not been contested by the Warden. The district court had before it neither the minutes of the South Carolina proceedings nor any other evidence from which it could conclude that, despite appearances to the contrary, the South Carolina proceedings were not constitutionally defective.

We reverse the order of the district court and remand with instructions to assign counsel to petitioner, see United States ex rel. Wissenfeld v. Wilkins, supra, 281 F.2d at 715–716, and to conduct such further proceedings as may be necessary to enable the district court to make specific findings of fact as to whether petitioner was the person convicted in South Carolina of highway robbery and larceny. If the court shall find that he is, then findings should be made with respect to the conduct and fairness of the proceedings in South Carolina in the light of the petitioner's circumstances at the time.

The mandate shall issue forthwith.

1. Proceedings resulting in conviction after plenary trial without counsel are to be carefully scrutinized as to whether the defendant has been seriously prejudiced in understanding the issues and in defending himself. See Carnley v. Cochran, 82 S.Ct. 884 (April 30, 1962); McNeal v. Culver, 365 U.S. 109, 81 S.Ct. 413, 5 L.Ed.2d 445 (1961); Hudson v. North Carolina, 363 U.S. 697, 80 S.Ct. 1314, 4 L.Ed.2d 1500 (1960); Cash v. Culver, 358 U.S. 633, 79 S.Ct. 432, 3 L.Ed.2d 557 (1959); Gibbs v. Burke, 337 U.S. 773, 69 S.Ct. 1247, 93 L.Ed. 1686 (1949); Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942).