**Paul ASHLEY, aka Walter Paul Foster, Appellant,**

v.

**The STATE OF WASHINGTON, Appellee.**

No. 21748.

United States Court of Appeals
Ninth Circuit.

April 26, 1968.

Paul Ashley, in pro. per.

John J. O'Connell, Atty. Gen., Olympia, Wash., for appellee.

Before HAMLEY and DUNIWAY, Circuit Judges, and BYRNE, Senior District Judge.*

DUNIWAY, Circuit Judge:

Appeal from denial of a petition for a writ of habeas corpus. The petition was

---

* Honorable William M. Byrne, Senior District Judge, United States District Court, Central District of California, sitting by designation.

filed in the United States District Court for the Western District of Washington. That court concluded that it lacked jurisdiction. There was no hearing. The pertinent allegations of the petition are these: In 1962, Ashley was sentenced in the Superior Court of King County, Washington, to a term of 25 years in Washington State prison. On July 4, 1964, he "allegedly" escaped. On January 23, 1965, he was arrested in Florida on a Florida felony charge and the State of Washington was notified. Ashley waived extradition, but Washington did not seek it. Ashley was tried and convicted in Florida, and sentenced to three years in Florida State Prison, where he now is. Washington has "lodged a detainer against him (warrant No. 52244)." While in the Florida prison, Ashley has unsuccessfully sought, in the Washington courts, a prompt trial "on the said escape charge (warrant #52244)."

 We affirm, for two reasons. First it is the rule in this Circuit that a petitioner may not seek habeas corpus against the State under the authority of which the petitioner is in custody. The actual person who is custodian must be the respondent. King v. State of California, 9 Cir., 1966, 356 F.2d 950; Morehead v. State of California, 9 Cir., 1964, 339 F.2d 170. No such person is named.[1]

Second, and more fundamental, it appears that Ashley is in the custody of the Florida authorities, not those of Washington. Having escaped from the Washington prison, he can hardly be said to be still in the Washington Warden's custody. And even if, by some legal legerdemain, we might be able to conjure up a fictitious custody of an escapee, analogous, perhaps, to that of a probationer or parolee (see Jones v. Cunningham, 1963,

371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285), it seems clear that Florida has superseded that "custody"; the warden of the Florida prison is now the person having the only real custody of Ashley.

Ashley says that he is attacking the Washington detainer, and that therefore the District of Washington is the proper court for his case. But Congress has conferred jurisdiction upon the United States District Courts to issue writs of habeas corpus "within their respective jurisdictions." (28 U.S.C. § 2241(a)). The Supreme Court has held that this means the district in which the petitioner is detained when the petition is filed. Ahrens v. Clark, 1948, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898. Ashley is detained in Florida, not Washington.

Moreover, so far as we can tell, the detainer or warrant issued by the State of Washington does not purport to have any extraterritorial effect, assuming that somehow it could. If it has any effect in Florida, that is only because Florida chooses to give it that effect. If that effect deprives Ashley of any constitutional right,[2] the federal court in which Ashley should proceed is that of the appropriate district in Florida. It has been repeatedly held that when a state deprives a person of his liberty by reason of something done to him by a sister state, the act of the sister state may be attacked by habeas corpus in the appropriate federal court in the district in which he is in custody. United States ex rel. Durocher v. LaVallee, 2 Cir. 1964, 330 F.2d 303, 306 (New York prisoner, convictions in Massachusetts, Florida, Maryland and Indiana given effect by New York and subject to attack there); United States ex rel. Easterling v. Wilkins, 2 Cir., 1962, 303 F.2d 883, 884 (similar, South Carolina conviction at-

1. This defect, however, could be cured by amendment, in most cases. We need not comment on the possibility here.

2. On brief here, but not in his petition, Ashley asserts that Florida gives the Washington detainer the following effects adverse to him: 1. He is held in close or maximum custody, rather than medium or minimum custody. 2. He cannot get parole. 3. He cannot be a trusty. 4. He cannot have the better job assignments. 5. He cannot get pre-release benefits. We express no opinion as to the factual validity or legal or constitutional effect of any of these claims.

tacked); United States ex rel. Savini v. Jackson, 2 Cir., 1957, 250 F.2d 349, 354–355 (similar, Michigan conviction attacked). United States ex rel. Smith v. Jackson, 2 Cir., 1956, 234 F.2d 742 (similar, Virginia conviction attacked); United States ex rel. Turpin v. Snyder, 2 Cir., 1950, 183 F.2d 742 (similar, Wisconsin conviction attacked).[3]

Affirmed.

---

3. There is an exception in the case of extradition proceedings. Sweeney v. Woodall, 1952, 344 U.S. 86, 73 S.Ct. 139, 97 L.Ed. 114. It is not applicable here.

United States ex rel. Smith v. Jackson, 2 Cir., 1956, 234 F.2d 742.

