**Arthur C. HEARNE, Petitioner,**

v.

**WASHINGTON STATE PAROLE BOARD and Bruce Johnson, Chairman, and Members, Tim McCullough, Ross M. Peterson, Ronald N. Hatten, and Dale A. Bridges, Respondents.**

**No. 3178.**

United States District Court
E. D. Washington, N. D.

May 28, 1969.

---

Arthur C. Hearne, in pro. per.

ORDER OF DISMISSAL

EAST, Senior District Judge, sitting by designation.

 The Petitioner (Hearne), in his pro per petition, seeks a Writ of Habeas Corpus from the "custody" of the Respondents (Parole Board), pursuant to Sections 2241 et seq. Title 28 U.S.C.A.

To handle Hearne's claims, this court has these tools:

Section 2241, supra:

(a) "Writs of Habeas Corpus may be granted by * * * the district courts * * * within their respective jurisdiction." (territorial jurisdiction)

Section 2254, supra:

(a) "* * * a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* [1] (emphasis supplied) pur-

---

1. "it is fundamental * * * that habeas corpus will not lie if the person seeking the writ is not in the physical custody of the official to whom the writ is directed, * * *."

Van Scoten, ante, citing Weber v. Squier, 315 U.S. 810, 62 S.Ct. 800, 86 L.Ed. 1209 (1941); Strand v. Schmittroth, 251 F.2d 590, 602 (9 Cir.) 1957.

suant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution * * * of the United States."

(b) "An application for a writ of habeas corpus in behalf of (such) a person * * * shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State * * *." (subjective jurisdiction)

It appears from Hearne's petition that on January 9, 1959, he was convicted upon his plea of guilty to a charge of First Degree Forgery then pending in the Superior Court of the State of Washington for Spokane County and thereon sentenced to fifteen years of imprisonment. Hearne claims the conviction and sentence are void on United States constitutional grounds, and his allegations are a loud and clear blast from the trumpet of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and its retroactive effect.

I conclude from Hearne's allegations and the Parole Board's Answer and Return that Hearne has exhausted the State of Washington's statutory and habeas law remedies to eradicate the alleged void conviction and sentence; hence, this court has subjective jurisdiction.

The following pertinent facts appear from the Parole Board's uncontroverted Answer and Return that:

1) At the time of Hearne's Washington conviction, he was a parolee from a federal conviction and sentence, and on September 15, 1960, the Parole Board paroled him to a federal detainer and custody as a federal parole violator, and later on August 31, 1961, the Parole Board conditionally discharged him from supervision.

2) Hearne is now and has been since September 22, 1964, in the actual physical custody of the warden of the Kansas State Penitentiary under a Kansas conviction for Robbery, First Degree, and a sentence of fifteen years imprisonment, with a conditional release date on April 30, 1972.

The Parole Board has moved to dismiss Hearne's Petition and Cause because this court lacks jurisdiction: 1) over the district where Hearne is detained, 2) of the person (Kansas Warden) who has custody of Hearne, and 3) combinations of 1) and 2) above.

3) While the Parole Board had not lodged a detainer against Hearne with the Kansas authority and has generally washed its hands of him, the fact remains a record Washington conviction and unserved sentence stands against Hearne, thereby tending to extend, intensify, or heighten his Kansas custody, with potential eventual Washington authority custody.

Peyton v. Rowe, et al., 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1967) gives Hearne habeas office to attack and nullify the future potential Washington custody, and Word v. North Carolina, 406 F.2d 352 (4 Cir. 1969) would give this court territorial jurisdiction under a constructive custody or a place of convenience doctrine. Word had a sister sentencing state detainer against him, and presently Hearne does not. However, I see no magic in an out of custody state detainer from a future grasping custodian,[2] and believe that it has to be the alleged void conviction and unserved sentence and its present and potential effect that is the mischief to Hearne.

It seems Word and his followers would give a district court territorial jurisdiction over the cause (place of alleged void judgment and conviction) and not the effect (place of alleged custody). I would say habeas relief is a timely and prompt post conviction device under Peyton to cure the effect (release from

2. The lack of extraterritorial effect of an out of custody state detainer is pinpointed in Ashley, ante.

538

custody) and not to remove the cause so as to give grounds to later cure the effect. Case law to effectuate convenient jurisdiction is not a rational substitute for the timely play of the Federal Rules of Civil Procedure as to place of trial, and I shall not step into the shoes of Congress and make a tool by trying to judicially amend Section 2254, supra, as it so justly did with subsection (d) during 1966.

█ Notwithstanding any solace Hearne may find in Word and his followers, adverse to Hearne is the law of the 9th Circuit as taught by Ashley v. Wash., 394 F.2d 125 (1968) and its followers, which include United States ex rel. Van Scoten v. Pennsylvania, 404 F. 2d 767 (3 Cir. 1968). Ashley reminds us that the Supreme Court has held "within their respective jurisdiction" means the district in which the petitioner is detained when his petition is filed. Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948). In the language of Ashley, any fictitious or constructive custody of Hearne by the Washington authority has been superseded by the real and actual custody of him by the Kansas authority. Paraphrasing Ashley further, if the Washington conviction and sentence has any effect in Kansas, that is only because Kansas chooses to give it that effect. If that effect extends and heightens the Kansas custody and deprives Hearne of any constitutional right, the federal court in which Hearne should proceed is that of the District of Kansas. "It has been repeatedly held that when a state deprives a person of his liberty by reason of something done to him by a sister state, the act of the sister state may be attached by habeas corpus in the appropriate federal court in the district in which he is in custody."

Accordingly, I conclude this court is without territorial jurisdiction to entertain Hearne's petition, and the Parole Board's Motion to Dismiss is granted, and Hearne's petition and cause herein is hereby dismissed.

