John Edward GEORGE, Appellant,

v.

Lewis S. NELSON, Warden, California State Prison, San Quentin; and Warden of North Carolina State Prison, Appellees.

No. 22851.

United States Court of Appeals Ninth Circuit.

May 9, 1969.

Rehearing Denied June 18, 1969.

David B. Frohnmayer (argued), San Francisco, Cal., for appellant.

Louise H. Renne (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., Jerome C. Utz, Deputy Atty. Gen., San Francisco, Cal., for appellees.

Before HAMLEY, HAMLIN and KOELSCH, Circuit Judges.

HAMLEY, Circuit Judge:

John Edward George, in custody at California State Prison, San Quentin, appeals from a district court order denying his application for a writ of habeas corpus.

On April 27, 1964, George was convicted in a California state court, on a plea of guilty, of robbery in the first degree and began serving his sentence of five years to life at San Quentin. On July 20, 1966, George was released to North Carolina authorities to stand trial in that state upon a North Carolina robbery charge. This was done pursuant to California Penal Code, section 1389 (1963), and North Carolina G.S. § 148–89, known as the interstate "Agreement on Detainers."

George was tried in Gaston County, North Carolina, on February 8, 1967, and was convicted on the North Carolina charge. He was sentenced to imprisonment for from twelve to fifteen years. The conviction was thereafter affirmed. State v. George, 271 N.C. 438, 156 S.E. 2d 845.

However, George did not begin service of the North Carolina sentence. He was returned to San Quentin to complete service of his California sentence after which he is to serve his North Carolina sentence. On April 14, 1967, North Carolina authorities wrote to San Quentin, placing a detainer on George so that he would in due course be returned to North Carolina for this purpose.

In his habeas corpus application thereafter filed in the United States District Court for the Northern District of California, George did not attack his California conviction, but rather challenged the North Carolina conviction. He alleged, in effect, that: (1) in the North Carolina prosecution he was not tried within the period permissible under the California and North Carolina detainer statutes, and the North Carolina court was therefore without jurisdiction, this constituting a denial of due process; (2) he was denied his constitutional right to a speedy trial in North Carolina; and (3) he was convicted on testimony known by North Carolina prosecuting officials to be perjured.[1] George asserted in his application that he wanted the validity of the North Carolina conviction determined now because it, together with the North Carolina detainer, adversely affects favorable consideration of parole and reduced custodial classification by California authorities.

On March 1 and 20, 1968, the district court denied the application for a writ on the ground that McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238, foreclosed habeas corpus relief on the North Carolina conviction while George was still in custody under the prior Califor-

nia judgment. George appealed to this court on April 3, 1968.

▆ On May 20, 1968, the United States Supreme Court in Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L. Ed.2d 426, overruled McNally v. Hill. The Supreme Court held that a prisoner serving consecutive sentences is "in custody" under any one of them for purposes of 28 U.S.C. § 2241(c) (3) (1964), and may, in a federal habeas corpus proceeding thereunder, challenge the constitutionality of a sentence scheduled for future service.

George then moved in this court for an order remanding the cause to the district court for further proceedings in the light of Peyton v. Rowe. In a supplemental brief thereafter filed George in effect asserted, as an additional reason why the validity of the North Carolina conviction should be determined at this time, that a delay in making this determination will lessen the chance that substantial justice will be done with regard to the North Carolina conviction.[2]

The California warden opposed the motion to remand, arguing that he is not a proper party insofar as George is challenging the North Carolina conviction, and that an appropriate North Carolina party is an indispensable party.[3] The California warden further argued that the United States District Court for the Northern District of California did not have jurisdiction to entertain this habeas proceeding. We passed consideration of the motion to the hearing of the appeal on the merits.

▆ In Peyton v. Rowe, the consecutive or successive sentences were im-

---

1. George alleged that he presented the first two of these grounds for relief in his direct appeal in North Carolina. He did not allege in his application that he presented the perjury ground in any North Carolina state court proceeding.

2. George thereby invoked the reasons stated in Peyton v. Rowe, 391 U.S. 54, 62, 64, 88 S.Ct. 1549, 20 L.Ed.2d 426 (the dimming of memories, death of witnesses, and incarceration when entitled

to release) why habeas applicants are entitled to attack all outstanding convictions without delay.

3. While George named the "Warden, North Carolina State Prison (Name Unknown)" as a respondent in his amended application in this habeas corpus proceeding, there is nothing in the record before us to indicate that process has been served upon the North Carolina warden.

posed by the same sovereign. Here the first sentence was imposed against George by a California court, and the second was imposed by a North Carolina court. However, the rule established in *Rowe* that a federal habeas applicant may attack the validity of a second sentence without awaiting completion of service of the first sentence, applies even though the two sentences were imposed by different sovereigns. Word v. North Carolina, 4 Cir., 406 · F.2d 352, 355; United States ex rel. Van Scoten v. Commonwealth of Pennsylvania, 3 Cir., 404 F.2d 767, 768.

This brings us to the question of whether, under the circumstances of this case, a habeas proceeding should be entertained in the district of confinement (California) or in the district of sentencing (North Carolina).

Since George is in state custody in the Northern District of California, we think that district court has jurisdiction to entertain the habeas application. Title 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." In Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L. Ed. 1898, the Supreme Court held that this phrase means the district in which the petitioner is detained or confined when the petition is filed.[4] See also, Ashley v. Washington, 9 Cir., 394 F.2d 125, 126.

It is also our view that, while the challenged judgment is that of North Carolina, the California warden is a proper respondent. He is the actual custodian of George by reason of the California conviction and also as agent of the North Carolina warden, as evidenced by the detainer. If the California warden does not wish to defend the North Carolina conviction he can call upon the authorities of North Carolina to provide that defense.

In holding that the California district court has jurisdiction, we have not overlooked the fact that the Fourth Circuit, in Word v. North Carolina, 4 Cir., 406 F.2d 352, has reached a contrary result. The *Word* court affirmed the dismissal of two habeas applications filed in a Virginia district court by Virginia prisoners challenging North Carolina convictions. In doing so, however, the Fourth Circuit did not seem to announce a categorical rule that a district court in the district of custody could never assume jurisdiction. Instead, it said · "* * * the latter, where permissible [is] infrequently preferable."

We recognize that, under the law of the Fourth Circuit, as established in the *Word* decision, a federal district court in North Carolina could have entertained George's application. It was there held that a North Carolina distirct court should not have dismissed, on jurisdictional grounds, the habeas application of a Virginia prisoner who sought to set aside a North Carolina conviction.[5] But the problem before us is not whether a district court in North Carolina could have entertained George's application, but whether the district court in California, where the application was filed, had jurisdiction. We do not now pass upon the question of whether the California district court may, after this remand, transfer the cause to the North Carolina district court pursuant to 28 U.S.C. § 1404(a) (1964).

4. As observed by the Fourth Circuit in Word v. North Carolina, 406 F.2d 352, this rule of *Ahrens* has been departed from in the case of applicants resident outside of the United States, and perhaps in certain other exceptional circumstances.

5. The rule is to the contrary in the Ninth Circuit. In Ashley v. Washington, 9 Cir., 394 F.2d 125, this court held that a state prisoner in Florida custody under a Florida judgment, faced with a detainer filed by the State of Washington, could not challenge the Washington conviction upon which the detainer was based, in a habeas proceeding brought in a Washington district court. To like effect, see United States ex rel. Van Scoten v. Commonwealth of Pennsylvania, 3 Cir., 404 F.2d 767.

**1182**

It cannot be denied that the entertaining of such proceedings in the state of confinement rather than the state where the challenged conviction was obtained presents practical problems. But, likewise, a rule requiring the prisoner to seek relief in the latter state presents practical problems. They are discussed at some length in the opinions filed in Word v. North Carolina. We do not see how a disposition of this appeal can avoid one set of problems or the other. Perhaps new judicially or legislatively-fashioned techniques are needed to meet these problems, now that Peyton v. Rowe has assured state prisoners an immediate right to attack convictions not yet being served. But all that is presented to us at this time are the questions of California district court jurisdiction and indispensability of parties.

Reversed and remanded for further proceedings.