Raymond Lee BROWN, Appellant,

v.

STATE OF ARKANSAS, Appellee.

No. 19989.

United States Court of Appeals,
Eighth Circuit.

May 12, 1970.

Rehearing Denied June 1, 1970.

Raymond Lee Brown, pro se.

Joe Purcell, Atty. Gen., Don Langston, Deputy Atty. Gen., and Mike Wilson, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before MEHAFFY, HEANEY and BRIGHT, Circuit Judges.

HEANEY, Circuit Judge.

Raymond Lee Brown was convicted in July, 1964, of possessing burglary tools by the Circuit Court of Pulaski County, Arkansas. He was sentenced to a term of five years. He filed various petitions seeking post-conviction relief in the Circuit Court and Supreme Court of Arkansas. He contended that the tools had been found and seized during an illegal search of his car. Relief was denied. Relief was also denied in a habeas corpus proceeding in the United States District Court, Brown v. Stephens, 246 F. Supp. 1009 (E.D.Ark.1965), on the grounds that he had failed to exhaust his state remedies. He was paroled from the Arkansas prison on January 13, 1967, and taken immediately to Texas to serve a sentence as a parole violator of that state. In March, 1969, Brown was convicted of a felony in Tarrant County, Fort Worth, Texas. His 105-year sentence, flowing from that conviction, was enhanced by his Arkansas conviction.

In September, 1969, Brown, in the custody of the Sheriff of Tarrant County, Texas, pending an appeal to the Texas Supreme Court, again sought habeas corpus relief from his 1964 Arkansas conviction in the District Court for the Eastern District of Arkansas. The court, in an unpublished opinion, stated (1) that it had "serious doubt[s]" as to the validity of the search of Brown's car, (2) that Brown had exhausted his Arkansas remedies, (3) that Brown's Texas sentence had been enhanced by the possibly invalid Arkansas conviction, and (4) that the court was inclined to entertain the petition but could not do so under 28 U.S.C.A. § 2241 et seq., as Brown was not within the territorial jurisdiction of the court when the petition was filed.

We would be hesitant to deny the availability of the habeas corpus remedy on the grounds that Brown had completed the service of his Arkansas sentence. See, Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). But, we must still overcome this Court's decision in Booker v. State of Arkansas, 380 F.2d 240, 243 (8th Cir. 1967), to justify reversing the District Court. The facts in *Booker* were similar to those here, and we held:

> " * * * Although the detainer was placed in Georgia by Arkansas officials, Booker was not within the territorial jurisdiction of the Eastern District of Arkansas, or, indeed, within the territorial jurisdiction of the Eighth Circuit when his petition was filed. The district court, therefore, has no jurisdiction to issue the writ. * * * "

See also, George v. Nelson, 410 F.2d 1179, (9th Cir. 1969), cert. granted, 396 U.S. 955, 90 S.Ct. 433, 24 L.Ed.2d 419; United States ex rel. Van Scoten v. Commonwealth of Pa., 404 F.2d 767 (3rd Cir. 1968); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968).

A recent en banc decision of the Fourth Circuit leads us to reexamine *Booker*. In Word v. State of North Carolina, 406 F.2d 352 (4th Cir. 1969), three petitioners were serving sentences in Virginia. Each petitioner had also been convicted of an offense in North Carolina, and North Carolina had lodged detainers with Virginia prison officials. Challenging the North Carolina convictions, two petitioners filed for writs of habeas corpus in Virginia, and the third petitioner filed in North Carolina. The Fourth Circuit held that despite the petitioners' presence in Virginia, the writs properly should be sought in North Carolina. The Court reasoned that if the writs must be sought in the district of confinement, the courts would be faced with all of the practical problems and difficulties which § 2255 solved with respect to post-conviction review of federal sentences. The records and witnesses, with the exception of the petitioners, were in North Carolina. Virginia would not be concerned with the outcome while North Carolina had much at stake. North Carolina judgments were under attack and North Carolina's attorney general, not Virginia's, would have to defend those judgments. The Virginia warden held the petitioners under the authority of the North Carolina detainers for North Carolina. The North Carolina officials were not suable in their official capacity nor subject to service of process in Virginia. The Court stated:

> " * * * [I]t now seems clear that if the words 'within their respective jurisdiction' in § 2241 mean anything more than that the court may act only if it has personal jurisdiction of a proper custodian and the capacity, within its geographical boundaries, to enforce its orders, physical presence of the petitioner within the district is not an invariable jurisdictional prerequisite. * * * "

Word v. State of North Carolina, *supra* at 359.

While we are generally persuaded by the reasoning in *Word*, it is not cause for our overruling *Booker* as applied to the facts here: First, Brown does not allege that he is in any way subject to present or future detention by Arkansas authorities. We, therefore, do not have personal jurisdiction here of a "proper custodian." Second, it would be difficult for us to require the alteration of the Texas sentence imposed upon Brown as a habitual offender. Third, *Word* specifically recognized that the appropriate forum in a situation as we have here would be the United States District Court of Texas:

> "We do not hold that under no circumstances is habeas corpus available in the district of detention to attack a foreign conviction. It clearly is available when the foreign conviction underlies a finding of recidivism and the

imposition of an additional or extended period of confinement. United States ex rel. Easterling v. Wilkins, 2 Cir., 303 F.2d 883; United States ex rel. Savini v. Jackson, 2 Cir., 250 F.2d 349, 354–355. A state may properly be called upon to defend its own judgment even though it is predicated upon a foreign conviction. We would have a comparable situation here if the petitioners sought only to be relieved of the effects of the detainers which they are experiencing while serving their \* \* \* [Texas] sentences. In that situation there would be no particular jurisdictional problem, whether or not \* \* \* [Arkansas] appeared voluntarily. The action could proceed against the \* \* \* [Texas] warden, and the court could enforce its order that he attribute no effect to the detainer in determining the level of custody. \* \* \* "

Word v. State of North Carolina, *supra* at 357, n. 6; United States ex rel. Durocher v. LaVallee, 330 F.2d 303 (2nd Cir.), cert. denied, 377 U.S. 998, 84 S.Ct. 1921, 12 L.Ed.2d 1048 (1964). See also, George v. Nelson, *supra;* Ashley v. State of Washington, *supra.*

Affirmed.

BRIGHT, Circuit Judge (concurring).

While I too feel that the petition must be dismissed, I do so for reasons other than those stated in the majority opinion.

I entertain serious doubt as to the continued vitality of our decision in Booker v. State of Arkansas, 380 F.2d 240 (8th Cir. 1967), in light of the expanded scope of habeas corpus relief as authorized by the United States Supreme Court. See Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) (writ of habeas corpus could issue despite the fact that petitioner had completed service of his sentence and had been released from custody), overruling Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960); Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968) (a petitioner in custody may attack a future consecutive sentence), overruling McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934); and Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) (petitioner on parole outside the jurisdiction may be granted habeas corpus relief from an unconstitutional conviction). Word v. State of North Carolina, 406 F.2d 359 (4th Cir. 1969), reaches a conclusion contrary to *Booker, supra.*

While the concepts of "custody" and territorial jurisdiction are greatly relaxed, at least one vestige remains as an obstacle to Brown's present attempt to obtain habeas corpus relief in the Arkansas federal district court. Courts have long recognized that the only proper, indispensable party who may be called upon to defend a habeas corpus petition is one exercising some power of detention or control over the petitioner. Morehead v. State of California, 339 F.2d 170 (9th Cir. 1964). In *Carafas, supra,* and *Peyton, supra,* penal institution wardens were doing so at the time the habeas corpus petitions were filed. In *Jones, supra,* members of the state parole board, because of parole restrictions imposed upon the petitioner, were deemed the proper parties. Similarly, in *Word, supra,* North Carolina officials could properly be called upon to defend against the petition because detainers they had filed in Virginia imposed some restraint upon the petitioners.

Here, however, Brown has completely served the sentence entered upon his Arkansas conviction. He did so before the instant petition was filed. No Arkansas authorities, subject to the process of the Arkansas federal district court, presently impose any restraint upon Brown's liberty. The only present custodial control over Brown emanates from a Texas conviction and is being exercised in Texas by Texas prison officials. Thus, in my view, want of a proper party in Arkansas is fatal to Brown's present petition.

While I note that petitioner would encounter practical obstacles [1] in successfully mounting an attack upon his Arkansas conviction in the Texas courts, I agree with the majority that in the present state of the law his remedy must be pursued there.

---

1. Among other things, the petitioner would face the problem of producing the records of his Arkansas conviction and the testimony of witnesses residing in Arkansas to support his claim that the Arkansas conviction violated his constitutional rights. These witnesses and the custodian of these Arkansas records would not be reached ordinarily through the compulsory direct subpoena process of Texas courts. See *Word, supra,* 406 F.2d at 355–357. For a general discussion of this problem, see Developments—Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1160–1165, 1166–1169 (1970).