**Thomas BURNHAM, Petitioner,**

v.

**Dr. George BETO, Director, Texas Department of Corrections, et al., Respondents.**

**No. 19342–4.**

United States District Court, W. D. Missouri, W. D.

June 21, 1971.

Thomas Burnham, pro se.

John C. Danforth, Atty. Gen., Jefferson City, Mo., for respondents.

**MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

ELMO B. HUNTER, District Judge.

Petitioner, a state prisoner currently confined in the custody of the Texas Department of Corrections at Huntsville, Texas, has filed in forma pauperis a petition for writ of habeas corpus challenging the validity of a detainer placed against him as the result of certain underlying charges in the Circuit Court of Jackson County, Missouri. Leave to proceed in forma pauperis was granted by the Court in the order entered on May 11, 1971.

As grounds for relief, petitioner set forth the following in his application for writ of habeas corpus:

> "In October of 1968, Petitioner was charged with the offense of assault to commit murder with a deadly weapon, as reflected in warrants for Petitioner's arrest numbered 9241, 9242 and 9243. Said warrants were issued by the Honorable Harry S. Davis, Magistrate of the Magistrate Court in and of Jackson County, Missouri, District Two.

"On April 10, 1969, Petitioner was arrested by authorities of the State of Texas and subsequently convicted and sentenced to a term of seven years in the Texas Department of Corrections. Shortly after his commitment to the Texas Department of Corrections, a detainer was filed on the basis of said outstanding warrants issued for Petitioner's arrest by the Magistrate Court of Jackson County, Missouri.

"On July 20, 1970, Petitioner, by letter of counsel to the Jackson County District Attorney, demanded that he be extradited and tried in the subject cause. No response was forthcoming. On September 29, 1970, Petitioner again made request for speedy trial by letter of counsel addressed to the District Attorney's office and by copy to the Jackson County District Court. No response was received.

"On January 18, 1971, Petitioner filed a Motion with the Circuit Court of Jackson County, Missouri that he be granted a speedy trial or alternatively, that the charges be dismissed and the detainer withdrawn. As of this date, counsel for Petitioner has been unable to ascertain if the petition has been filed, as evidenced by certain letters which are attached to this petition.

"Petitioner alleges that the failure of the State of Missouri to extradite and try Petitioner upon proper and timely request for speedy trial is a denial of his rights as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution."

In light of the seriousness of the allegations set forth in the petition, and in view of the teachings of Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607, the respondents were ordered to show cause why appropriate relief should not be granted. On June 16, 1971, in response to that order, counsel for the respondents alleged that the charges mentioned by the petitioner have subsequently been dismissed and that such charges are no longer pending in the Missouri courts. Based upon that subsequent action, respondents requested that this proceeding be dismissed as moot.

Since the filing of the response, the Court has made additional independent inquiry to ascertain whether the charges pending against the petitioner in the Circuit Court of Jackson County, Missouri, had, in fact, been dismissed. That inquiry corroborates respondent's assertion that the charges against petitioner have subsequently been dismissed. Thus, with the dismissal of the Missouri charges against him, it is apparent that petitioner has obtained all the relief to which he is entitled in this judicial district and that the petition for writ of habeas corpus should be dismissed without prejudice. If petitioner's Texas custodian continues to enforce detainers against the petitioner based upon the previously-pending Missouri charges, petitioner should seek relief in the Texas state courts to compel his custodian to remove them. See: Brown v. State of Arkansas, 426 F.2d 677 (8th Cir. 1970); Word v. North Carolina, 406 F.2d 352, 357 at n. 7 (4th Cir. 1969). See also: Nelson v. George, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970). Further, if petitioner is unsuccessful in obtaining relief in the state courts of Texas, he may then seek relief in the United States District Court for the District of Texas. Nelson v. George, supra. However, since the Missouri charges have been dismissed and since petitioner's custodian is outside this judicial district, this cause should be dismissed without prejudice to further action in the Texas courts, if necessary.

Accordingly, for the reasons stated above, the petition for writ of habeas corpus is hereby dismissed without prejudice.

It is so ordered.