**Randolph Joseph X. GREENE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 78–328C(A).

United States District Court, E. D. Missouri, E. D.

June 23, 1978.

Randolph Joseph X. Greene, pro se.

Robert D. Kingsland, U. S. Atty., St. Louis, Mo., for respondent.

MEMORANDUM

HARPER, District Judge.

Randolph Joseph X. Greene has filed a petition in this District Court seeking, in the alternative, a writ of error coram nobis or federal habeas corpus pursuant to 28 U.S.C. § 2255. Petitioner is presently serving a twenty year prison term imposed by the Eastern District of Virginia on July 25, 1969.

Petitioner was sentenced by the Eastern District of Missouri to two years imprisonment after he entered a guilty plea on September 19, 1969, to a charge of attempted escape from federal custody. It is this plea of guilty that petitioner attacks.

Petitioner appeared before this District Court on two separate occasions prior to his actual entry of a guilty plea. These two hearings dealt primarily with an attempt, by the court, to determine whether petitioner had adequate representation. On September 12, 1969, the petitioner asserted that

he was capable of handling his own legal problems. The undersigned, however, refused to allow defendant to represent himself because of his age, and appointed counsel.

On September 19, 1969, petitioner, with counsel, did plead guilty. Reading of the indictment was waived by counsel. The prosecutor recited the events leading to the charge of attempted escape, to which there was no objection. Petitioner was allowed to, and did, address this Court to explain himself, prior to sentencing.

Petitioner has appealed the denial by this District Court of his petition for vacation of judgment pursuant to 28 U.S.C. § 2255 to the Eighth Circuit. On November 7, 1974, that appeal was dismissed. *Greene v. United States*, No. 74–1217 (8th Cir. decided November 7, 1974). Petitioner's motion for a writ of error coram nobis filed in the District Court was denied, and on appeal, the petition was dismissed for want of prosecution. *Greene v. United States*, No. 75–13C(1) (E.D.Mo.1975).

In his petition, Greene asserts that his conviction should be set aside since his plea was not knowingly and intelligently made because all the elements were not explained to him, and that he was mentally incompetent at the time of the offense.

At the time of sentencing, this Court informed petitioner that it would make his two year sentence imposed by this Court concurrent with the sentence imposed by the Eastern District of Virginia, if the appeal pending on the Virginia sentence became final within the time necessary to act. This did not occur, but the authorities in Virginia recognizing what had occurred, authorized the two sentences to be served concurrently. Petitioner's two year sentence received from this Court has, therefore, been served.

■ Federal habeas corpus is not available to petitioner since the sentence he is attacking has been served, and there is no party exercising control over petitioner for the sentence imposed by this Court. *Brown v. State*, 426 F.2d 677 (8th Cir. 1970) (concurring opinion). A writ of error coram nobis is available, and we will consider petitioner's complaints as such. *Booker v. Arkansas*, 380 F.2d 240 (8th Cir. 1967).

■ As to petitioner's complaint that his plea was not knowingly entered into, we note that the Supreme Court has just recently dealt with this problem. In *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), there was a collateral attack on a criminal judgment occurring in 1965. The convict had been indicted for first-degree murder, but pleaded guilty to second-degree murder. One of the required elements for second-degree murder was intent. One of the required elements for first-degree murder was willfulness. The original indictment was read in court, however, defendant pleaded guilty to a different offense containing different elements, which were not read to him and to which he had no access.

The Supreme Court overturned the conviction, noting, at 647, 96 S.Ct. at 2258, that:

> Normally the record contains either an explanation of the charge by the trial judge, *or at least a representation by defense counsel that the nature of the offense has been explained to the accused. Moreover, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain[s] the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit.* This case is unique because the trial judge found as a fact that the element of intent was not explained to respondent. Moreover, respondent's unusually low mental capacity provides a reasonable explanation for counsel's oversight; it also forecloses the conclusion that the error was harmless beyond a reasonable doubt, for it lends at least a modicum of credibility to defense counsel's appraisal of the homicide as a manslaughter rather than a murder (emphasis added).

The defendant's attorney in this case waived the reading of the indictment, lead-

ing this Court to presume that defendant had the indictment read and explained to him prior to his plea of guilty.

In addition, several comments made by defendant lead this Court to the conclusion that defendant knew of and understood the charges he was pleading guilty to.

On September 12, 1969, prior to appointment of counsel, defendant stated, at Page 5: " . . . so you know I took a foolish chance and tried to get out of jail because I didn't have any money . . . so that was, Your Honor, the reason why I tried to escape . . . " At sentencing, he stated at Pages 5 and 6: " . . . you know, I had to do something. I mean I would have done what you may have done if you had been in my position, and it was just a mad dash for freedom." After having reviewed this evidence, we reject petitioner's assertion that his plea was not made voluntarily.

■ As to defendant's assertion that he was mentally incompetent at the time the offense was committed, we reject this assertion as not cognizable in the federal courts in a collateral attack. *Taylor v. United States*, 282 F.2d 16, 21 (8th Cir. 1960), states as follows:

> Considering next the allegation of appellant's motion that he was insane at the time of the crime, we hold that the trial court again correctly determined that he was not entitled to a hearing thereon. The rule governing this situation is well stated in *Bishop v. United States*, D.C. App.1955, 96 U.S.App.D.C. 177, 179, 223 F.2d 582, 584, reversed on other grounds 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835, wherein the court explained:
>
>> The issue of insanity as a defense is presentable upon the trial and appealable if error has been made in respect to it, and a motion to vacate under Section 2255 cannot be used as a substitute for an appeal. Therefore, an alleged insanity at the time of the commission of a crime cannot be used as a basis for a motion under Section 2255.

The Court agrees in principle with the above statement in application to a writ of error coram nobis, and rejects petitioner's point on these grounds.

It is, therefore, the order of this Court that petitioner's petition be dismissed without further proceedings.