CHANSAMONE APHAYAVONG, SOPAN POK, [A72–894–621], et al., Petitioners,

v.

UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, and Adele Fasano, INS District Director for the San Diego District, Respondents.

No. 00–CV–0804–J.

United States District Court, S.D. California.

Sept. 26, 2001.

---

13. As noted earlier, the French court expressly found against Yahoo! as to this point in its

order of November 20, 2000.

Jason Ser, Federal Defenders of San Diego, Inc., San Diego, CA, for Petitioners.

Samuel W. Bettwy, Office of the U.S. Attorney, San Diego, CA, for Defendants.

## ORDER DENYING PETITIONER'S MOTION TO COMPEL

JONES, District Judge.

This matter comes before the Court on Petitioner Sopan Pok's "Ex Parte Emergency Motion to Compel Respondents to Comply with the District Court's July 5, 2000 Order, and Release Petitioner." Respondents filed a response on September 7, 2001. For the reasons set forth below, this Court **DENIES** Petitioner's Motion.

## BACKGROUND

### A. Previous Habeas Petition

The facts are taken from this Court's July 5, 2000 Order. Petitioner Pok is a Cambodian national who legally entered the United States and resided as a permanent resident. Respondent Immigration and Naturalization Service ("INS") issued a final order of removal against Petitioner on June 30, 1998, as a result of a criminal conviction. However, because the United States does not have a repatriation agreement with Cambodia, Petitioner could not be removed and remained in INS custody. On July 5, 2000, this Court concluded that there was no reasonable likelihood that Cambodia would allow Petitioner to return in the reasonably foreseeable future. *See* July 5, 2000 Order. The Court found, pursuant to *Ma v. Reno*, 208 F.3d 815, that the INS "does not have the statutory authority to detain...[Petitioner] any longer." Accordingly, the Court ordered the INS to release Petitioner. The Court authorized the INS to set conditions of release for Petitioner pursuant to 8 C.F.R. § 241.5 and 8 U.S.C. § 1231(a)(3). *See* July 5, 2000 Order.

### B. Present Incarceration

The facts regarding Petitioner's present incarceration are discussed in Petitioner's moving papers. The INS released Petitioner from custody on July 17, 2000, pursuant to an order of supervision, which included the requirement that Petitioner was to "abide by all Federal, State, and Local laws." (Mot. To Compel at Ex. 2.) Petitioner reported regularly to an INS deportation officer as required and abided by all conditions of release. (Mot. To Compel at Ex. 3.) On March 15, 2001, California state parole authorities, conducting a routine parole inspection at Petitioner's place of residence, discovered a knife in the bedroom belonging to Petitioner's brother. *Id.* Because the bedroom door had not been locked, the bedroom was deemed to be a common area of the premises and accessible to Petitioner. *Id.* Petitioner was arrested on March 15, 2001, for violating conditions of his parole. *Id.*

On April 16, 2001, Petitioner appeared before the Board of Prison Terms for his parole revocation hearing. *Id.* The Board of Prison Terms concluded that Petitioner

had violated parole and imposed a term of four months in state prison. *Id.*

The California Department of Correction discharged Petitioner from custody on May 24, 2001, after he had served approximately two months in custody. (Mot. To Compel at Ex. 5.) On that date, the INS re-arrested and re-detained the Petitioner into INS custody. (Mot. To Compel at Ex. 3.) The instant motion arises from this term of custody.

## DISCUSSION

Petitioner argues that this Court retains jurisdiction over this matter to enforce its previous judgment granting Petitioner's habeas petition. Petitioner further argues that this Court should construe the petition for writ of habeas corpus as naming the Attorney General as respondent, thereby permitting the Court to effectuate any relief ordered. The INS responds that this Court has no jurisdiction over this action because this Court only has jurisdiction over custodians within the Southern District of California. The INS also argues that the only proper respondent in habeas proceedings is the custodian who has day-to-day control over the Petitioner's custody. The INS notes in its response that this Court's July 5, 2000 Order did not preclude the INS from returning Petitioner to custody if he violated the conditions of his custody.

 A district court retains jurisdiction to enforce its judgments. *Hook v. State of Arizona, Dep't of Corrections,* 972 F.2d 1012, 1014 (9th Cir.1992). Like the Petitioner in *Safarian v. INS,* 00–CV–0926, Petitioner Pok argues that the in-stant motion seeks to enforce this Court's previous judgment. (Mot. To Compel at 4.) However, this Court's July 5, 2000 Order has already been enforced; Petitioner was released on July 17, 2000. Petitioner has not shown how his current incarceration violates the July 5, 2000 Order. Also, because the Court does not have enough information to establish the reason for Petitioner's current incarceration [1], the Court cannot determine whether Petitioner's present custody results from the parole violation. As the court noted in *Safarian,* the matter is no longer within the jurisdiction of the Southern District of California.[2] Thus, if Petitioner wishes to challenge the new incarceration, he should bring a new habeas petition.

Some courts, most notably in the Eastern District of New York, have allowed the Attorney General to be named as a proper respondent to an alien habeas petition. *See Nwankwo v. Reno,* 828 F.Supp. 171 (E.D.N.Y.1993); *Mojica v. Reno,* 970 F.Supp. 130 (E.D.N.Y.1997). However, the Ninth Circuit has held that a "habeas petition filed pursuant to [28 U.S.C.] § 2241 must be heard in the custodial court." *Hernandez v. Campbell,* 204 F.3d 861, 865 (9th Cir.2000). In addition, the Ninth Circuit has held that "The proper respondent in a federal habeas corpus petition is the petitioner's 'immediate custodian,' since the person "having a day-to-day control over the prisoner" is the "only one who can produce 'the body' of the petitioner." *Brittingham v. United States,* 982 F.2d 378, 379 (9th Cir.1992). *See also Ashley v. State of Washington,* 394 F.2d 125, 126 (9th Cir.1968) (finding that the

---

1. Petitioner states that the INS took him into custody "presumably based on an alleged violation of his INS supervision." (Mot. To Compel at 3.) Respondents state that Petitioner's detention is "apparently due to Pok's violation of conditions of release." (Response to Mot. To Compel at 1). However, neither party has submitted conclusive evidence explaining the reason for Petitioner's incarceration.

2. Though that decision is not binding on this Court, the Court finds its reasoning persuasive.

"actual person who is custodian must be the respondent " in a habeas corpus petition.)

Petitioner named only the INS and the San Diego District Director as Respondents in this case. The Respondents note that the government consistently deems habeas actions regarding INS detention to be "directed against/to the San Diego INS district director, regardless of who is actually named as respondent." (Response to Mot. To Compel at 3.) Petitioner argues that this Court may construe the petition as naming the Attorney General or the INS Commissioner as respondents, since they may effectuate relief as "superior officers." (Mot. To Compel at 5.) However, because the Ninth Circuit has determined that the proper respondent in a habeas case is the "immediate custodian" of the Petitioner, and because Petitioner's instant motion seeks release from INS Custody in the Central District of California, this Motion to Compel is improper. *See Safarian* at 4. If he wishes to proceed, the Petitioner must file a proper habeas petition in the Central District of California against the warden of the INS detention facility there.

## CONCLUSION

Petitioner has failed to demonstrate that this Court has jurisdiction to address Petitioner's incarceration in the Central District of California. For the foregoing reasons, Petitioner's Motion to Compel is **DENIED.**

**IT IS SO ORDERED.**