**Jesse WRIGHT, Jr., Petitioner,**

v.

**L. L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent.**

**No. 69–64–Civ–J.**

United States District Court
M. D. Florida,
Jacksonville Division.

Oct. 27, 1969.

Jesse Wright, Jr., pro se.

Earl Faircloth, Atty. Gen., State of Florida, Horace A. Knowlton, III, Asst. Atty. Gen., Tallahassee, Fla., for respondent.

WILLIAM A. McRAE, Jr., District Judge.

## ORDER

Pursuant to this Court's order to show cause issued February 7, 1969, a response was filed by respondent July 29, 1969. In the order of February 7, petitioner's claim of perjured testimony at the preliminary hearing was found to be without merit because of his subsequent plea of guilty. See Busby v. Holman, 356 F.2d 75 (5th Cir.1966).

Secondly, in affidavits by his counsel of record, Mercury N. Kavouklis, attached to the response of July 29, 1969, as well as on the face of the petition itself (Appendix C), it appears that petitioner was, in fact, represented adequately by counsel. From the petition it is evident that counsel conscientiously advised petitioner and represented him adequately. Conferences and motions by counsel appear in the petition, his cross examination of corroborating witnesses is recited in the rule one hearing order of February 23, 1966, and his efforts to investigate the case and reasons for not using Albert Simmons as a witness appear in his affidavit of July 18, 1969.

Petitioner's third contention—that his plea of guilty to the lesser included charge of aggravated assault (instead of assault to commit murder in the first degree) was coerced by alleged promises of a lighter sentence, increased punishment or a life sentence if he did not plead guilty—as well as other alleged events, may, if true, constitute violations of petitioner's constitutional rights, and an evidentiary hearing on this remaining issue is indicated.

■ Since submitting his petition to this Court on October 14, 1968, petitioner was unconditionally released upon completion of his sentence on January 24, 1969. He was permitted to continue to prosecute his petition after his release under the holding in Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), by order of this Court on June 24, 1969. Since his release, petitioner has been incarcerated in the Georgia State Prison at Reedsville, Georgia on conviction for another charge. The difficulty now arises of how this Court can order petitioner produced before it for purposes of the evidentiary hearing. When it was filed, this petition was properly filed in this Court, for the respondent and petitioner were located within the jurisdiction of this Court. See R. Sokol, Federal Habeas Corpus § 8 (2d ed. 1969).

■ The restriction of territoriality on issuance of a writ of habeas corpus ad subjiciendum imposed by Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948) interpreting 28 U.S.C. § 2241 (1964), is inapplicable here since that restriction applies only to the initial attachment of jurisdiction of this Court. What is crucial under *Ahrens* is that respondent and petitioner both be present in the jurisdiction when the petition is filed *initially* to avoid long distance filing of habeas corpus actions. In the unusual case, such as the one at bar, where petitioner moved after properly beginning his petition in this Court, the *Ahrens* conditions have been met and its restrictions do not continue to apply throughout the remainder of the action.

Before Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), petitioner's cause would have become moot upon his unconditional release, and so this particular situation could not have arisen before May, 1968. This is clearly not the situation envisioned by the Congress when it inserted the "within their respective jurisdictions" limitation, which was intended to prohibit a new habeas corpus petition from being filed at distant points with any judge. See Carbo v. United States, 364 U.S. 611, 617, 81 S.Ct. 338, 5 L.Ed. 2d 329 (1961). It has been held that where such a petition has been properly begun, subsequent removal does not affect the continuing of the action. E.g., Jones v. Cunningham, 371 U.S. 236, 243–244, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); Ex parte Endo, 323 U.S. 283, 304, 65 S.Ct. 208, 89 L.Ed. 243 (1944); Holland v. Ciccone, 386 F.2d 825, 827 (8th Cir.1967); United States ex rel.

Circella v. Sahli, 216 F.2d 33, 37 (7th Cir.1954), cert. denied, 348 U.S. 964, 75 S.Ct. 525, 99 L.Ed. 752 (1955). *Cf.* United States v. Hayman, 342 U.S. 205, 221–222 (1952). In *Carbo*, the United States Supreme Court held that "rigid formulae, even as to the issuance of the Great Writ, may be tempered by factual considerations requiring the decision that its 'objective may be in no way impaired or defeated by the removal of the prisoner from the territorial jurisdiction of the District Court' after the suit is begun." Carbo v. United States, 364 U.S. 611, 621, 81 S.Ct. 338, 344, 5 L.Ed.2d 329 (1961), quoting Ex parte Endo, 323 U.S. 283, 307, 65 S.Ct. 208, 89 L.Ed. 243 (1944). A similar result permitting out of state attacks by habeas corpus with regard to *future* sentences has been reached by the Fourth Circuit, Word v. North Carolina, 406 F.2d 352 (1969). *Accord,* George v. Nelson, 410 F.2d 1179 (9th Cir.1969), *cert. granted,* 396 U.S. 955, 90 S.Ct. 433, 24 L.Ed.2d 419. *Contra* United States ex rel. Van Scoten v. Pennsylvania, 404 F.2d 767 (3rd Cir.1968).

It would work an injustice to stay this evidentiary hearing until petitioner's present sentence is completed, for the allegedly coerced plea occurred on September 21, 1965, and memories inevitably fade with time. The hearing should be held before substantially more time has elapsed.

There is no indication in the facts before the Court that petitioner is positively affected by the Florida conviction to the extent that he may attack it by a new habeas corpus petition under the doctrine of Cappetta v. Wainwright, 406 F.2d 1238 (5th Cir.1969), cert. denied 396 U.S. 846, 90 S.Ct. 55, 24 L.Ed.2d 96 (1969). Of course, if he could show for example, that the prior Florida conviction enhanced his present sentence or will prevent an early parole from the Georgia charges, he could have filed his petition directly in the Georgia courts.

That not being the case, however, this Court holds that where a petition for habeas corpus has been properly filed initially and petitioner is permitted to continue under Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), after an unconditional release, that petitioner is subject to the issuance of the writ of habeas corpus *ad subjiciendum* to obtain his production from outside this Court's territorial limits for an evidentiary hearing on his petition attacking the earlier conviction where a stay might frustrate the ends of justice and where respondent and witnesses are within the jurisdiction of the issuing court.

It is, therefore,

Ordered:

1. Petitioner's claims of the use of perjured testimony and ineffective assistance of counsel are dismissed.

2. Warden Lamont Smith, of the Georgia State Prison at Reedsville, Georgia, is requested to transfer petitioner to the custody of the United States Marshal who is directed to transfer petitioner, Jesse Wright, Jr., under safe and secure conduct, to the Duval County Jail, Jacksonville, Florida, to be produced before the undersigned for appointment of counsel on November 14, 1969, at 9:30 A.M., and for such further hearings as may be set by the Court. This is further to command you, any United States Marshal, to return the body of the said Jesse Wright, Jr., under safe and secure conduct, to Warden Lamont Smith, of the Georgia State Prison at Reedsville, Georgia, upon final completion of this cause in the above styled action.

3. An evidentiary hearing in the above styled cause on the issue of the allegedly coerced plea will be set by further order of the Court.