**Carl A. FELLS, Petitioner,**

v.

**The STATE OF KANSAS et al., Respondents.**

**Edward WILLIAMS, Petitioner,**

v.

**The STATE OF KANSAS et al., Respondents.**

**Nos. L–2083, L–2084.**

United States District Court, D. Kansas.

April 27, 1972.

Carl A. Fells, pro se.

Edward Williams, pro se.

Vern Miller, Atty. Gen., Topeka, Kan., for State of Kansas.

## MEMORANDUM AND ORDER

O'CONNOR, District Judge.

Petitioner Carl A. Fells has lodged with the Clerk of this Court, and petitioner Edward Williams has filed with the Clerk of this Court, their respective applications for writ of habeas corpus. Petitioner Fells has also lodged his affidavit in support of a motion for leave to proceed in forma pauperis. Upon examination of the documents so lodged and filed, the Court finds that similar questions are involved; that these applications should be consolidated; and the Court makes the following findings and order.

Both petitioners relate that they are in federal custody, each serving a term of imprisonment in the Federal Reformatory at El Reno, Oklahoma. Neither petitioner attacks his federal conviction or sentence in this proceeding. Both state that detainers have been lodged against them by Wyandotte County, Kansas, where each is charged with one or more offenses. The detainer against petitioner Fells was lodged on July 27, 1971, and the detainer against petitioner Williams was lodged on January 7, 1971.

Both of the applications are directed at the detainers which petitioners contend have been lodged against them by Kansas authorities for more than 180 days. Each states that during that period of time the respondent has not attempted to execute the detainer or warrant, has not attempted to return Fells and Williams to the State of Kansas for the purpose of affording them a fair and speedy trial. Both petitioners contend that since the Kansas authorities have not exercised their detainer within 180 days, the Kansas prosecution must be dismissed. Neither Fells nor Williams state that either has at any time requested a speedy trial upon the charges pending against him in Wyandotte County, Kansas. Both petitioners contend that since the State of Kansas has not exercised the detainer within 180 days, the Kansas prosecution must be dismissed, on the basis of "Glasgow v. Alaska, U. S. Supreme Court, May 1970". This Court has been unable to locate the decision to which petitioners make reference.

Before turning to the merits of petitioners' claims, the Court must first inquire into its jurisdiction over the subject matter of this action. Both of the petitioners are presently in custody of the United States, in penal institution in Oklahoma, out of the jurisdiction of this Court. The problem of territorial jurisdiction frequently appears in controversies involving a right to "speedy trial" where detainers are involved, since there will always be two sovereigns, and two jurisdictions, involved. Here, we have petitioners in federal custody, outside of the jurisdiction of this court, while the State of Kansas claims the right to custody at some future time.

The United States Supreme Court in Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968) overruled McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934), and discarded old notions of the type of "custody" required for the purposes of habeas jurisdiction, in that the prisoner need no longer claim a right to "immediate re-lease". Peyton v. Rowe further sanctions, and in fact requires, a liberal interpretation of the language of 28 U.S.C.A. §§ 2241(c) (3), 2243, and the courts have the duty "to fashion appropriate relief other than immediate release". Soon after the decision in Peyton v. Rowe, supra, various courts determined that its principles cover questioned detainers, and a prisoner may seek relief by habeas corpus in situations where it is alleged that the conviction underlying the detainer is constitutionally void, United States ex rel. Van Scoten v. Commonwealth of Pennsylvania, 404 F.2d 767 (3rd Cir. 1968); George v. Nelson, 410 F.2d 1179 (9th Cir. 1969); Word v. State of North Carolina, 406 F.2d 352 (4th Cir. 1969); or where the detainer is upon a pending Complaint or Indictment, and the Smith v. Hooey [393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607] question of "speedy trial" is an issue. See Lawrence v. Blackwell, 298 F.Supp. 708 (N.D.Ga.1969). Although Fells and Williams appear to be "in custody" under the Kansas detainers for purposes of reviewing their respective claims in habeas corpus, there remains the question of this Court's jurisdiction to adjudicate the Smith v. Hooey controversy between these petitioners and the State of Kansas. The Court has serious doubts as to its territorial jurisdiction to review these claims in view of the language of 28 U.S.C.A. § 2241(a), and the ruling in Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948). Section 2241(a) provides in applicable part that writs of habeas corpus may be granted by the District Courts within their respective jurisdictions. Ahrens v. Clark, supra, held that a federal district court has no jurisdiction to issue a writ of habeas corpus if the person "detained" is not within the territorial jurisdiction of the court where the petition is filed.

The *Ahrens* decision has never been overruled. Since Peyton v. Rowe, the Third, Eighth and Ninth Circuits have ruled that *Ahrens* has continuing vitality and bars review of habeas claims

from prisoners who are not within the geographical territory of the court in which the petition is filed. United States ex rel. Van Scoten v. Commonwealth of Pennsylvania, supra; Tanner v. Moseley, 441 F.2d 122, 125 (8th Cir. 1971); and George v. Nelson, supra. The Fourth Circuit, in view of the practical problems presented by Peyton v. Rowe and Smith v. Hooey, believes that the federal district court in the state claiming a right to custody is the proper forum for review of "speedy trial" questions. Word v. North Carolina, supra. The District Court in Lawrence v. Blackwell, supra, determined that no pre- or post-conviction review could be had in that district of speedy trial claims of federal prisoners, but held that it had "in rem" jurisdiction to act upon the detainers themselves. The Ninth Circuit, in George v. Nelson, supra, solved the problem of jurisdiction over the out of state respondents by making the California Warden, with actual custody of the prisoner, the agent for the sister state which claimed future custody by detainer.

Petitioners do not address themselves to the matter of jurisdiction, and while this Court is not persuaded that it possesses territorial jurisdiction over either claim, it concludes that it is unnecessary to determine that question at this time. For other reasons to which we now turn, the applications must be dismissed.

■ The controversy before this court is one particularly between the petitioners, Fells and Williams, and the State of Kansas. So far as is disclosed by the applications, the State of Kansas has not had an opportunity to examine either claim; no recourse has been had by these petitioners to the Kansas courts. Those courts, in the interest of comity, should have the first opportunity to pass upon petitioners' claims. Nothing in Smith v. Hooey relieves a petitioner from proceeding in an orderly manner through the courts of the state where the questioned charge is pending. Trigg v. Moseley, 433 F.2d 364, 366 (10th Cir. 1970).

And there is a further reason why this Court should not now entertain these applications. This Court's authority to grant relief in cases of this nature is governed by the Interstate Agreement on Detainers Act, 18 App. U.S.C.A. § 1 et seq., and the Standing Order of this Court dated February 2, 1972. That Standing Order provides in applicable part that

No petition lodged or filed by a prisoner seeking relief . . . . of any sort from the effect of a State detainer, shall be entertained unless

(1) The petitioner has, at least 180 days prior to the date of lodging or filing his petition, given or sent to the Warden or other official having petitioner's custody for delivery to the prosecuting officer of the jurisdiction in which the case giving rise to the detainer is pending, and to appropriate courts, a written notice of the place of his imprisonment and his request for a final disposition to be made of the Indictment, Information, or Complaint upon which the detainer is based. . . . .

The Interstate Agreement on Detainers Act provides a simple and available method by which a prisoner, seeking trial on charges pending against him and evidenced by a detainer, may make application for disposition of those charges. Neither Fells nor Williams indicates that he has pursued the remedies available to him, under the Interstate Agreement on Detainers Act. This Court concludes, for the reasons stated above, that relief must be denied and these actions dismissed, without prejudice.

It is ordered that leave to proceed in forma pauperis be granted as to petitioner Fells, and that his application be filed; and that these actions, Cases No. L–2083 and L–2084, be dismissed.