Red Martin CAIN, Appellant,

v.

Joseph S. PETROVSKY, Warden, U.S.
Medical Center, Appellee.

No. 85–1855.

United States Court of Appeals,
Eighth Circuit.

Submitted March 12, 1986.

Decided Aug. 20, 1986.

G. Bertrand Hester, Atlanta, Ga., for appellant.

Gregory Johnson, Asst. U.S. Atty., Springfield, Mo., for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and HARRIS,* Senior District Judge.

BOWMAN, Circuit Judge.

Red Martin Cain, a federal inmate at the United States Medical Center for Federal Prisoners (MCFP) at Springfield, Missouri, appeals from the District Court's [1] dismissal of his petition under 28 U.S.C. § 2241 for a writ of habeas corpus. In 1979, Cain was convicted of violating federal drug laws and was sentenced by the United States District Court for the Northern District of Oklahoma to a five-year term of imprisonment to be followed by five years of parole under special terms. The court released Cain on an appeal bond. He subsequently failed to appear and was charged with bond jumping.

In February 1981, Kansas authorities arrested Cain and charged him with aggravated assault of a law enforcement officer. Shortly thereafter, a federal detainer was filed with the Leavenworth, Kansas county jail where Cain was held. Before the Kansas courts had disposed of the assault charge, the federal district court in Oklahoma issued a writ of habeas corpus ad

---

* The HONORABLE OREN HARRIS, Senior United States District Judge for the Eastern and Western Districts of Arkansas, sitting by designation.

1. The Honorable William R. Collinson, Senior United States District Judge for the Western District of Missouri.

prosequendum to the county jail on September 24, 1981, directing that Cain be delivered to the United States Marshal for an October 6, 1981 appearance in federal court regarding the bond jumping charge. Cain then was transferred by federal authorities to the MCFP where he was found both incompetent to stand trial and not responsible for his failure to appear while on bond. In January 1982, the federal bond jumping charge was dismissed for those reasons, and Cain subsequently was returned to the custody of Kansas authorities.

On April 25, 1983, after Kansas had determined that Cain was competent to stand trial, he pled guilty in state court to an amended charge of aggravated assault on a law enforcement officer and was sentenced to a term of four to ten years to be served concurrently with his federal drug sentence. The state court gave Cain credit on his sentence for all jail time served between his arrest in Kansas on February 23, 1981 and his re-delivery to federal authorities on May 3, 1983.

In January 1985, Cain filed this petition seeking a writ of habeas corpus. Cain's petition and subsequent submissions to the District Court assert three grounds for relief. First, Cain claims that his state conviction for aggravated assault should be vacated because the State lost jurisdiction to try him when it violated the Interstate Agreement on Detainers (IAD), 18 U.S.C. App. § 2. Second, Cain asserts that the State conviction should be vacated because of the State's violation of various speedy trial provisions.[2] Third, Cain argues that he is entitled to credit on his federal sentence for the jail time he served in Kansas prior to trial on the state aggravated assault charge. The District Court dismissed Cain's petition on the merits but without prejudice to his right to claim jail time

credit if he could show specific periods of time that he was in federal custody and did not receive credit and that he had exhausted other possible remedies to obtain that credit.

In regard to Cain's claims based upon the IAD and speedy trial provisions, we believe that these matters are not properly before this Court. This Court does not have jurisdiction under 28 U.S.C. § 2241 or any other federal statute to issue a writ of habeas corpus for violation of state law by state authorities. Therefore, Cain's speedy trial claims, which are based only on Kansas law and actions of Kansas officials, may be addressed only by the Kansas courts. Although the IAD is federal law, there is no evidence in the record before us that this matter was presented in the state court system, either by direct appeal or by petitioning for a writ of habeas corpus under state law. *See* Kan.Stat.Ann. § 60–1501 *et seq.* We believe that the exhaustion of state remedies is necessary before this petition properly may be entertained. *See Moore v. DeYoung,* 515 F.2d 437, 442–43 (3d Cir.1975); *see also Schlesinger v. Councilman,* 420 U.S. 738, 756, 95 S.Ct. 1300, 1312, 43 L.Ed.2d 591 (1975); *Fay v. Noia,* 372 U.S. 391, 418–20, 83 S.Ct. 822, 837–39, 9 L.Ed.2d 837 (1963); *Ex parte Royall,* 117 U.S. 241, 252–53, 6 S.Ct. 734, 740–41, 29 L.Ed. 868 (1886). No reason exists to presume that the State courts would not correct a violation of federal law were one to exist and we decline to intervene before allowing the State courts an opportunity to correct any violation of the IAD.

Cain's third claim, that he is entitled to credit on his federal sentence for the jail time served in Kansas prior to his state conviction, also is without merit. Cain argues that he is entitled to credit for this

---

**2.** Cain's petition claims only that his detention is unlawful because of the State's alleged violation of the IAD and because of incorrect computation of his jail time credit. In his traverse, Cain contended that the State violated the "Speedy Trial Act." He provided no citation and did not further identify the statute he had

in mind. As the District Court noted, the Federal Speedy Trial Act does not apply to state prosecutions. In his appellate brief, Cain relies on the state speedy trial provision in Kan.Stat. Ann. § 22–3402 and on the Kansas Constitution. We therefore accept these latter grounds as the basis of this claim.

time under 18 U.S.C. § 3568 and Eighth Circuit case law.[3]  We disagree.

Section 3568 provides that a federal prisoner is entitled to "credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed."  Our Circuit has held that this language includes jail time served when bail on a state charge is denied because of a federal detainer. *See United States v. Haney,* 711 F.2d 113, 114 (8th Cir.1983); *Brown v. United States,* 489 F.2d 1036, 1037 (8th Cir.1974).  Cain was convicted of federal drug offenses. He was held in custody by Kansas authorities pursuant to the federal detainer, however, for a bond jumping charge.  Thus, the time that he spent in custody was "in connection with" the bond jumping charge, which subsequently was dropped because of MCFP's determination concerning Cain's mental competency, rather than "in connection with" the federal drug offenses.  Section 3568 therefore is simply inapplicable. Cain has not cited us to any other authority that would entitle him to credit for this time nor do we know of any.

We therefore affirm the judgment of the District Court dismissing the petition for writ of habeas corpus, but modify the judgment so that the dismissal shall be with prejudice to all of Cain's claims except his unexhausted claim based on an alleged violation of the IAD.

---

**3.** Cain brought this petition under 28 U.S.C. § 2241, asserting that a motion under 28 U.S.C. § 2255 would be improper because he is not attacking the sentence itself.  In *Wright v. United States Board of Parole,* the Sixth Circuit stated that

> [s]ection 2255 ... does not grant jurisdiction to a district court over all post conviction claims, but has been conceived to be limited

to those claims which arise from imposition of the sentence as distinguished from claims attacking the execution of the sentence.  The latter claim is cognizable solely under § 2241. 557 F.2d 74, 77 (6th Cir.1977) (citing *Lee v. United States,* 501 F.2d 494, 499–500 (8th Cir. 1974)).  We agree that this petition relates to the execution of the sentence and therefore is proper under section 2241.