**Maurice DUNLAP**

v.

**230TH DISTRICT COURT, HARRIS COUNTY, HOUSTON, TEXAS.**

**No. CV–N–88–294–ECR.**

United States District Court,
D. Nevada.

July 5, 1988.

Maurice Dunlap, Carson City, Nev., in pro. per.

No appearance for respondent.

**MINUTE ORDER IN CHAMBERS**

EDWARD C. REED, Jr., Chief Judge.

The petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the detainer placed on him by the District Attorney for Harris County, Texas. The petition, however, is fatally flawed for a number of reasons. First, the petitioner has failed to exhaust his state remedies. As with all federal habeas corpus petitions, actions under § 2241 brought to challenge detainers under the Interstate Agreement on Detainers must first be exhausted in state courts. *See Cain v. Petrovsley,* 798 F.2d 1194, 1195 (8th Cir.1986). The petitioner must therefore file and pursue an appropriate action in the Texas state courts before this Court may entertain his petition. *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 490, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1972) (petitioner must exhaust

state remedies in the state which has filed the detainer against him) (dictum).

 In addition, it appears that the petitioner has named the wrong parties in his case. Although it does appear that this is the proper Court in which to pursue this matter, it also seems that the petitioner must name the District Attorney of Harris County as respondent. It is he who has placed the allegedly illegal detainer on the petitioner, and it is his actions which give this Court jurisdiction over the Texas agency. The petitioner must also therefore name him as a party in this case.

IT IS, THEREFORE, HEREBY ORDERED that the petition for writ of habeas corpus is DISMISSED, without prejudice, for failure to exhaust and for failure to name an indispensible party.