946 F.2d 900
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert Samuel CHAPPELL, Petitioner-Appellant,
v.
George TEAGUE, Sheriff, Respondent-Appellee.
 No. 91-2115.
 United States Court of Appeals, Tenth Circuit.
 Oct. 16, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner-appellant Robert Samuel Chappell appeals pro se from the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. Petitioner has failed to exhaust his state remedies. See 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509 (1982). Therefore, we deny a certificate of probable cause, see 28 U.S.C. § 2253; Lozada v. Deeds, 111 S.Ct. 860 (1991), and dismiss the appeal substantially for the reasons set forth in the attached district court order.
 
 ATTACHMENT
 
 2
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO
 
 
 3
 Robert Samuel Chappell, Petitioner,
 
 
 4
 vs.
 
 
 5
 George Teague, Sheriff, Respondent.
 
 Civil No. 90-954 JC/SGB
 MEMORANDUM OPINION AND ORDER
 
 6
 THIS MATTER is before the Court on the Respondent's Motion to Dismiss the petition for a writ of habeas corpus, filed January 23, 1991.
 
 
 7
 Petitioner, while a federal prisoner, was brought to Lea County, New Mexico, for trial on securities fraud and related charges pursuant to the Interstate Agreement on Detainers. Section 31-5-12 (N.M.S.A.1978). Petitioner arrived in New Mexico on November 27, 1989 and was later tried and convicted in September, 1990. It is claimed that this delay violated the one hundred twenty day speedy trial provisions of the Agreement on Detainers contained in Article 4(C).
 
 
 8
 Petitioner must first seek relief in state court before seeking habeas relief in federal court. This requirement exists either because of comity or the mandate 28 U.S.C. § 2254(b). Trigg v. Moseley, 433 F.2d 364 (10th Cir.1970); Lewis v. State of New Mexico, 423 F.2d 1048 (10th Cir.1970). See also, Cain v. Petrovsky, 798 F.2d 1194 (8th Cir.1986); Echevarria v. Bell, 579 F.2d 1022 (7th Cir.1988); Grant v. Hogan, 505 F.2d 1220 (3rd Cir.1974); Fells v. State of Kansas, 343 F.Supp. 678 (U.S.D.C.Kan.1972).
 
 
 9
 Since Petitioner has not shown in any way that he has exhausted or attempted to exhaust his state remedies, the petition must be dismissed.
 
 
 10
 IT IS ORDERED that the petition and this action are dismissed.
 
 
 11
 /s/ John E. Conway
 
 UNITED STATES DISTRICT JUDGE
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3