**Antonio Inman RANKIN, Petitioner,**

v.

**Ray ROBERTS, et al., Respondents.**

No. 90–3190–S.

United States District Court,
D. Kansas.

March 30, 1992.

---

Antonio Inman Rankin, pro se.

Susan G. Stanley, JaLynn M. Copp, Office of Atty. Gen., Topeka, Kan., for respondents.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter comes before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate at the Lansing Correctional Facility, Lansing, Kansas, was convicted on November 20, 1984, of first degree murder. In this action, petitioner challenges his conviction and claims: (1) the trial court erroneously admitted privileged and confidential testimony by petitioner's wife; (2) the trial court erroneously admitted transcripts of testimony of a state's witness; (3) the trial court erroneously commented upon the possible perjury of a witness; (4) the trial court erroneously admitted gruesome photographs; (5) there was insufficient evidence to support the jury's verdict; and, (6) he was denied the effective assistance of counsel.

Having reviewed the record in this matter, the court makes the following findings and order.

*Factual Background*

On April 12, 1984 a partially decomposed body was found in a water filled ditch in Sedgwick County, Kansas. The victim had been shot numerous times and had also received injuries attributed to a crushing force. Petitioner was charged with murder. At trial, petitioner testified that he shot the victim in self-defense and that he then ran over the victim with an automobile by accident.

Petitioner was convicted of first degree murder and was sentenced to life in prison. Petitioner timely perfected his direct ap-

peal. The Kansas Supreme Court affirmed his conviction on January 17, 1986.

Petitioner filed this action seeking federal habeas relief on June 18, 1990, raising the identical issues he raised in his direct appeal. Respondents concede that petitioner has exhausted his state court remedies.

*Discussion*

Initially, the court notes that respondents have been unable to provide a complete record to the court. The state district court, after a thorough search, concedes it has no other copies of the record. Although it is incomplete, the issues before the court can be determined from the record which is available.

■ Petitioner first challenges the state trial court's admission of his wife's testimony concerning the death of the victim. Petitioner admitted to his wife that he had murdered the victim. There was substantial evidence that a third party, Tracy Work, was present and overheard petitioner's statements to his wife and that petitioner subsequently discussed those statements with the third party. Petitioner's wife and the third party also discussed petitioner's involvement in the death.

Petitioner's argument appears to be that his wife should not have been allowed to testify against him because the communication was confidential and privileged under K.S.A. 60–423 and K.S.A. 60–428.

■ Petitioner's argument fails for two reasons. First we note that state court rulings on the admissibility of evidence are not properly reviewed in federal habeas actions unless they render the trial so fundamentally unfair that a petitioner's constitutional rights are denied. *Tucker v. Makowski*, 883 F.2d 877, 881 (10th Cir.1989). Here the Kansas Supreme Court found substantial evidence that petitioner had discussed the murder with his wife, with his wife and the third party, and with just the third party. Such evidence rendered the statements outside the bounds of confidentiality envisioned by the statutes.

■ Second, petitioner's argument is based upon a statutory right. Petitioner has alleged no violation of his constitutional rights. The violation of a state statute is a matter for the state courts to decide. See *Cain v. Petrovsky*, 798 F.2d 1194 (8th Cir.1986).

The marital privilege is merely a testimonial privilege based on statutory provisions or found in the common law. *In re Grand Jury 85–1*, 666 F.Supp. 196 (D.Colo.1987). *U.S. v. Burger*, 773 F.Supp. 1430, 1438–39 (D.Kan.1991). This privilege does not rise to the level of the constitutionally guaranteed right against self-incrimination under the Fifth Amendment. *Grand Jury 85–1*, at 199–200. See generally *United States v. Neal*, 743 F.2d 1441 (10th Cir.1984), *cert. denied*, 470 U.S. 1086, 105 S.Ct. 1848, 85 L.Ed.2d 146 (1985).

Petitioner's first contention is without merit.

Petitioner next argues that the state trial court improperly admitted transcripts of Work's statements to police officers. As noted above, a state court's evidentiary rulings are outside the scope of a federal habeas court's review except in the most limited circumstances. *Tucker*, 883 F.2d at 881.

■ Petitioner's next complaint is that the state trial court judge interrupted the testimony of petitioner's wife and cautioned that her admission that she lied during the preliminary hearing opened her to possible perjury charges. This interruption was heard by the jury.

Apparently, petitioner's complaint is that the trial judge invaded the province of the jury with his remarks. However, it is difficult to ascertain how petitioner was prejudiced by this event. If anything, it would seem the jury would be less likely to believe his wife after the court's remarks and more likely to believe his testimony. Regardless, petitioner has failed to show the judges's comments so infected the trial that petitioner's guarantee of due process was denied. "Where there is no showing of actual bias, the validity of a bias contention turns on whether the judge's actions could reasonably be viewed as having given the jury the impression that he was partial to the prosecution." *U.S. v. Giraldo*, 822

F.2d 205, 209 (2nd Cir.), *cert. denied,* 484 U.S. 969, 108 S.Ct. 466, 98 L.Ed.2d 405 (1987). Petitioner has made no such showing.

Petitioner's next argument is that the state trial court erroneously admitted gruesome photographs into evidence. As stated above state court evidentiary matters are not properly reviewed in federal habeas actions. *Tucker,* 883 F.2d at 881. In addition, factual findings made by state trial and appellate courts are presumed correct under 28 U.S.C. § 2254(d) unless they are not fairly supported by the record. *Church v. Sullivan,* 942 F.2d 1501, 1516 (10th Cir.1991). Here the Kansas Supreme Court found that the photographs were highly relevant to the primary issue of whether the slaying was self-defense/accident or premeditated murder. Petitioner has shown no reversible error.

Petitioner's next challenge is that there was insufficient evidence to support his conviction. In a habeas corpus proceeding a challenge to the sufficiency of the evidence is reviewed by viewing the evidence in the light most favorable to the prosecution and determining whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Cordoba v. Hanrahan,* 910 F.2d 691 (10th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 585, 112 L.Ed.2d 590 (1990). Using this standard it is clear a rational trier of fact could have found petitioner guilty beyond a reasonable doubt by simply not believing his testimony that he shot the victim in self-defense and then ran over the victim by accident.

Finally, we note petitioner raised an ineffective assistance of counsel issue on direct appeal before the Kansas Supreme Court. Because petitioner had not presented the issue to the state trial court, the appellate court refused to rule on the issue. Respondents, in their answer and return, do not address this issue, but assert that petitioner has exhausted his state remedies.

Although the issue has not been decided in the state courts, this court will address the merits of petitioner's claim.

To establish his claim of ineffective assistance of counsel, petitioner must meet the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The two-part *Strickland* test requires (1) a showing that counsel committed errors so serious that the defendant did not receive the counsel guaranteed by the Sixth Amendment, and (2) a showing that counsel's performance was so deficient that the defendant did not receive a fair trial. Under *Strickland,* the defendant bears the burden to establish both incompetence and prejudice, and there is a presumption that the attorney's conduct comes within "the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065.

Petitioner's arguments are that counsel failed to spend enough time with petitioner, counsel failed to cross-examine witnesses properly, counsel did not leave petitioner on the witness stand long enough, and counsel failed to make opening and closing statements which were long enough.

Strategic choices of attorneys are given great deference. The court will not question the sound tactical decisions of trial attorneys. *High v. Kemp,* 819 F.2d 988 (11th Cir.1987), *cert. denied, High v. Zant,* 492 U.S. 926, 109 S.Ct. 3264, 106 L.Ed.2d 609 (1989). Petitioner has failed to carry his burden for meeting the *Strickland* test. His claim of ineffective assistance of counsel is without merit.

IT IS THEREFORE BY THE COURT ORDERED the petition for writ of habeas corpus is denied.