Antonio Inman **RANKIN**, Petitioner,

v.

Raymond **ROBERTS**, et al., Respondents.

No. 90–3190–DES.

United States District Court,
D. Kansas.

March 30, 1993.

Antonio Inman Rankin, pro se.

JaLynn M. Copp, Office of the Atty. Gen., Susan G. Stanley, Office of the Atty. Gen., Topeka, KS, for respondents.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter comes before the court on partial remand from the Tenth Circuit Court of Appeals. On March 30, 1992, 788 F.Supp. 521, this court denied petitioner's petition for writ of habeas corpus. Petitioner's Notice of Appeal was filed in the District Court Clerk's Office on April 30, 1992. On May 1, 1992, the court declined to issue a certificate of probable cause and on May 18, 1992, the court denied petitioner's motion to proceed on appeal in forma pauperis.

The Tenth Circuit Court of Appeals by Order of February 9, 1993, raised the question of its jurisdiction to entertain the appeal because petitioner's Notice of Appeal reached the Office of the Clerk of the District Court one day after the 30 day time limited specified in Fed.R.App.P. 4(a). On remand, the Court of Appeals directed this court to ascertain the facts concerning the timing and circumstances of the mailing of petitioner's Notice of Appeal to the Clerk's Office. As noted in its remand order, the Court of Appeals remains responsible for deciding the ultimate question of appellate jurisdiction.

Pursuant to the Court of Appeals' Order, on February 17, 1993, this court issued an Order requiring both parties to submit a written factual brief answering the following questions: (1) What are the state administrative regulations which govern the deposit of legal mail by a pro se prisoner; (2) What are the specific institutional rules concerning the deposit of legal mail which were in place at the time petitioner filed his Notice of Appeal; (3) What is required of prison officials once a pro se petitioner delivers legal mail to those officials; (4) Did the petitioner comply with the institutional rules concerning the deposit of legal mail; (5) Did prison officials comply with the institutional rules once petitioner deposited his Notice of Appeal with those officials; (6) On what date did petitioner deposit his notice of appeal with prison officials; and (7) Is there any other factual information which would aid the court in making findings of fact.

Petitioner responded to this court's Order on March 3, 1993, and respondent replied on March 24, 1993. Having reviewed the submitted materials from both parties, the court makes the following findings.

1. Kansas Administrative Regulation (K.A.R.) 44–12–601 governs the deposit of legal mail by a pro se prisoner. The only requirement placed on the prisoner is that he or she write "legal mail" on the envelope. Petitioner complied with this regulation as evidenced by the envelope received in the Clerk's Office.

2. Lansing Correctional Facility Orders No. 16,102 and 16,103 are the specific institutional rules concerning mail, including legal mail, which were in place at the time petitioner filed his Notice of Appeal. The only relevant section of Order 16,102, states that mail is collected each working day before noon, and after processing is complete, it shall be delivered to the Lansing Post Office the same day. Collections are not made on weekends or state and federal holidays.

3. Petitioner deposited his Notice of Appeal on the evening of Friday, April 24, 1992, twenty-five (25) days after this court's Memorandum and Order was filed. It follows that his Notice of Appeal was collected by prison officials before noon on Monday, April 27, 1992, processed (the Order does not describe what processing includes or how long it takes and Lansing Correctional Facility officials and respondent concede there was no log kept of outgoing legal mail at the time petitioner filed his Notice of Appeal), and delivered to the Lansing Post Office that same day.

4. Petitioner's Notice of Appeal was postmarked by the Lansing Post Office on April 29, 1992.

5. Petitioner's Notice of Appeal was filed and docketed in the Clerk's Office on April 30, 1992.

6. The Lansing Correctional Facility did not have, at the time petitioner filed his Notice of Appeal, a separate legal mail system. All mail is deposited in the mailbox. Legal mail is distinguished only by a prisoner writing "legal mail" on the envelope.

7. Petitioner complied with the only state regulation required when a prisoner mails legal mail. Petitioner also complied with the applicable Lansing Correctional Facility Order.

This court understands that it was directed to make findings of fact and acknowledges that the resolution of the ultimate question of appellate jurisdiction rests with the Court of Appeals. This court would be remiss, however, if it failed to note the Circuit's most recent statement concerning the application of the rule of *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), to pro se prisoners in state prisons:

> Moreover, Petitioner submitted the "Application" to prison officials for mailing twenty-four days after the district court filed the order denying his petition; therefore, Petitioner's ... notice of appeal was timely filed. *Ray v. Cowley,* 975 F.2d 1478, 1479 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1604, 123 L.Ed.2d 166 (1993).

IT IS SO ORDERED.